**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| DAVID COLE, ET AL. | CIVIL ACTION NO. 16-0648 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PSC INDUSTRIAL OUTSOURCING, LP, ET AL. | MAGISTRATE JUDGE HANNA |

APPLIES TO:
16-cv-00649, 16-cv-00650,
16-cv-00651, 16-cv-00652,
16-cv-00653, 16-cv-00654,
16-cv-00657, 16-cv-00791,
16-cv-00792, 16-cv-00793,
16-cv-00794, 16-cv-00795,
16-cv-00796, 16-cv-00797,
16-cv-00798, 16-cv-00799,
16-cv-00800, 16-cv-00801,
16-cv-00802, 16-cv-00804,
16-cv-00805, 16-cv-00806,
16-cv-00807, 16-cv-00808,
16-cv-01039, 16-cv-01221,
16-cv-01223, 16-cv-01485,
17-cv-00267, 17-cv-00284,
17-cv-00292, 18-cv-01574,
18-cv-01575, 18-cv-01576

**MEMORANDUM RULING**

Before the Court is a Motion for New Trial/Reconsideration (Record Document 80) filed by Plaintiffs David and Marie Cole (the "Coles"). The Motion stems from the Court's adoption of a Report and Recommendation denying the Coles' Motion to Remand (Record Document 79), and the Coles' argument is rooted in new evidence that also supplements outstanding motions to remand in a series of related cases (the "Bayou

Teche cases").[1] For ease of administration, the Court has considered issues in these related matters together and will continue to do so for purposes of the instant Motion. For the foregoing reasons, the Coles' Motion for Reconsideration is hereby **DENIED** and the pending motions to remand in the related Bayou Teche cases are also **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter centers on a March 2016 oil spill in St. Mary Parish near Bayou Teche. Defendant PSC Industrial Outsourcing, LP ("PSC") operated a crude oil reclamation and saltwater disposal facility, and the Coles are nearby landowners who allegedly suffered pollution of their property from the spill. See Record Document 45. The Coles originally filed their lawsuit in Louisiana state court before PSC removed to this Court on the basis of diversity subject matter jurisdiction. See Record Document 1. The suit did not include a prayer for a specific sum of damages, as Louisiana law does not permit such enumeration in certain instances, but PSC argued that in light of the allegations made, the threshold jurisdictional amount was likely to be satisfied. See id.

Following removal, the Coles added Lawrence Segura, a PSC employee, as a Defendant in the suit. See Record Document 8-1 at 33. As a fellow Louisiana citizen, Segura destroyed diversity with the Coles, who moved to remand based on this newfound lack of diversity. See Record Document 31. PSC opposed the Coles' Motion to Remand, arguing Segura's citizenship should be ignored pursuant to the improper joinder doctrine. See Record Document 40. In reply, the Coles argued for the first time that the amount in

---

[1] Pursuant to Court order, the Bayou Teche cases have been consolidated for purposes of discovery only. See Record Document 14. All pleadings have been directed to be filed in the Cole case by virtue of it being the lowest case number. See Record Document 15.

controversy prong of diversity subject matter jurisdiction was also unmet. See Record Document 42. Considering these arguments, Magistrate Judge Hornsby denied the Motion to Remand, concluding (1) Segura had been improperly joined and (2) PSC had met its burden with respect to the amount in controversy. See Record Document 45. The Court agreed with Magistrate Judge Hornsby's Report and Recommendation and ordered the Motion denied and all claims against Segura dismissed with prejudice. See Record Document 79.

The Report and Recommendation and the Court's order adopting its findings were filed only in the instant suit. The Court issued a separate order in Chitimacha Trail, LLC v. PSC Industrial Outsourcing, LP, 16-cv-0649, announcing the denial of the Coles' motion to remand and providing the plaintiffs in the related Bayou Teche cases twenty-one days to file supplemental memoranda detailing why their motions to remand should not also be denied. See Record Document 71. All of the plaintiffs made such filings. These memoranda argued the amount in controversy threshold was not met in their specific cases because no soil or groundwater contamination had occurred. Each included homeowner affidavits detailing the exact amount of damages suffered according to recently conducted environment impact assessments. The Coles filed a supplemental memorandum mirroring their neighbors, but did so without court approval, leading to a finding of deficiency. See Record Document 82. The instant Motion for Reconsideration was filed by the Coles "in an effort to prevent manifest injustice… in the event the Court is inclined to grant remand in the remaining cases." Record Document 80.

**LAW AND ANALYSIS**

I. **Legal Standard**

The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration; however, such motions are typically analyzed under Rule 59(e) as motions to alter or amend a judgment when they are made within twenty-eight (28) days of the entry of judgment. See Leonard v. Louisiana, 2013 WL 5755676 at *1 (W.D. La. Oct. 23, 2013). A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Accordingly, "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

II. **Analysis**

The Coles' Motion for Reconsideration focuses on the amount in controversy prong of diversity subject matter jurisdiction and argues new evidence in the form of environmental property assessments demonstrates the $75,000 threshold cannot be met. See Record Document 80. PSC argues the law is clear that such "post-removal events" should not factor into the Court's jurisdictional analysis. See Record Document 87. The Court agrees with PSC.

The Fifth Circuit has held that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally

do not divest the court of diversity jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90, 58 S.Ct. 586 (1938)). In Gebbia, a plaintiff alleged slip-and-fall damages in the form of medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages, and permanent disability. See id. at 881. The plaintiff did not state a specific sum of damages, and the defendant removed based on diversity, alleging the amount in controversy would exceed the threshold amount.[2] See id. Following discovery, the plaintiff produced documentation that her damages would not exceed $75,000 and moved to remand, but was denied by the district court. See id. at 882. The Fifth Circuit agreed with the district court, holding that jurisdictional facts must be judged at the time of removal, and that if it is facially apparent from the complaint that the amount-in-controversy exceeds $75,000 at the time of removal, post-removal affidavits and documentation reducing that amount do not divest the court of jurisdiction. See id. at 883.

There have been instances where courts do accept post-removal evidence destroying jurisdiction; however, this is limited to situations where the removing defendant failed to show it was facially apparent from the complaint that damages would exceed the threshold amount. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850-51 (5th Cir. 1999). In Simon, the defendants' mere conclusory statement in its notice of removal that damages would likely exceed $75,000 was not enough for the court to find the threshold

---

[2] This removal was in accordance with the Luckett framework established by the Fifth Circuit for evaluating jurisdiction for cases filed in Louisiana state courts with no monetary damages asserted. In such cases, removing defendants may remove based on diversity by demonstrating that it is "facially apparent" that the claims are likely to exceed $75,000. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

was likely to be eclipsed when the plaintiff had only claimed minor injuries such as a shoulder strain, cuts, and bruises. See id. at 850-51.

As detailed in Magistrate Judge Hornsby's Report and Recommendation, the Coles enumerated several types of damages as a result of the oil spill, including (1) punitive and exemplary damages; (2) contamination to property, groundwater and aquifers; (3) contamination to wildlife, plants, ground and trees; (4) devaluation of property; (5) attorney's fees; (6) loss of enjoyment of life; (7) physical pain and suffering, including pulmonary, sinus and allergy injuries; (8) mental and psychological injury; (9) expert fees, cost of remediation and court costs; (10) loss of use of property; and (11) loss of peaceful enjoyment, possession and view. See Record Document 45 at 10-11. This extensive list equates more closely with the claimant in Gebbia than the plaintiff in Simon. Considering the types of damages sought, coupled with nature of the event giving rise to suit, the $75,000 jurisdictional threshold appeared as though it would easily be met at the time of removal. The fact that later discovery proved this not to be the case has no bearing on the Court's jurisdiction. Accordingly, the Motion for Reconsideration is hereby **DENIED**.

### III. Remaining Bayou Teche Cases[3]

Outstanding motions to remand remain in the nearly three dozen related Bayou Teche oil spill cases. As explained, these motions mirror the argument made by the Coles in the instant matter. The Court afforded the landowners in these cases an opportunity to supplement their motions, and each did so. They explain that damages do not exceed

---

[3] The applicable cases are listed in the caption of the instant ruling.

$75,000 and include plaintiff affidavits detailing the exact amount of loss suffered according to environmental impact assessments. For the same reasons the Court has denied the Coles' Motion for Reconsideration, the motions to remand in these related cases must also be **DENIED**.

## CONCLUSION

At the time of removal, it was facially apparent that the $75,000 jurisdictional threshold would be satisfied in this case. Post-removal discovery evidence has no effect on this determination. As such, the Court retains subject matter jurisdiction over the present matter and all remaining Bayou Teche cases. The instant Motion for New Trial/Reconsideration (Record Document 80) is hereby **DENIED**. Similarly, motions to remand in the related captioned cases are also **DENIED**. An order consistent with these terms shall issue in this case and all related matters.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 1st day of March, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT